## POY COON TOM v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. June 29, 1925.)

No. 4536.

**Criminal law ⬤⇒407(1), 417(16)—An unsigned letter written to accused and found in his possession, not admissible.**

In prosecution for violation of the Harrison Narcotic Act (Comp. St. §§ 6287g–6287q), an unsigned letter written to accused and found in his possession, containing references indicating that accused was a trafficker in narcotics, *held* inadmissible, when not answered or acted upon, and attempt of accused to destroy letter could not render it so.

In Error to the District Court of the United States for the Northern Division of the Northern District of California; John S. Partridge, Judge.

Poy Coon Tom was convicted of violating the Harrison Narcotic Act, and he

brings error. Reversed, and remanded for new trial.

Clifford A. Russell, G. W. Bedeau, and Henry & Bedeau, all of Sacramento, Cal., for plaintiff in error.

Sterling Carr, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before HUNT, RUDKIN, and McCAMANT, Circuit Judges.

RUDKIN, Circuit Judge. This is a writ of error to review a judgment of conviction under the Harrison Narcotic Act (Comp. St. §§ 6287g–6287q). The plaintiff in error and one Hughes were jointly indicted for selling, dispensing, and distributing narcotic drugs, not in or from the original stamped package. The testimony on the part of the government tended to show that Hughes made several sales of narcotic drugs to an informer, and that the drugs so sold were procured from the plaintiff in error, Poy Coon Tom. In the course of the trial, the following letter, found in the possession of the plaintiff in error upon a search of his home, was offered in evidence against him, and was admitted over objection and exception:

"Dear friend Tom: Come on over this afternoon. No one will see you come in. So you come in the back way. I will watch for you. I want to see you on business. I am giving you something so come this afternoon—so we are alone and can talk, I want to see you about something. I may go to the hospital to-morrow. I am so worried I can hardly write now. Tom, do as I tell you. If you don't come this afternoon I cannot give you anything. Bring about one M and 2 C with you. Now, be sure to come, for I may not get a chance to talk with you soon again; and I want to pass you on to something and cannot very well, unless we are alone. Come any time after one o'clock. Now, do it. If you don't, you may be sorry."

The prosecuting officer stated to the court that M and C referred to morphine and cocaine, and that his purpose in offering the letter was to show that the plaintiff in error was a known trafficker in narcotics, and that he had not only sold narcotics to the informer in question, but to others as well.

We do not understand upon what principle the letter was admitted or was competent. It was manifestly not admissible as the unsworn declaration or statement of the unknown writer, and it was equally inadmissible for the purpose of showing an admission or an implied admission on the part of the plaintiff in error, in the absence of proof tending to show that the letter was answered or otherwise acted upon.

"The fact that an unanswered letter or other paper is found in the custody of a party, but not acknowledged by him, is not ground for the admission of the paper as evidence against him. Were it admitted, an innocent man might, by the artifice of others, be charged with a prima facie case of guilt, which he might find it difficult to repel." Wharton's Crim. Ev. (10th Ed.) p. 1411.

"It is also urged that the letter was admissible as a tacit admission by the accused of the truth of its statements, it having been proved that the accused did not reply to it. Admissions, of course, may be inferred from silence as well as from express statements, but it has been uniformly held by the courts that the failure to reply to a letter is not to be treated in a criminal or in a civil action as an admission of the contents of the letter." Packer v. United States, 106 F. 906, 910, 46 C. C. A. 35, 39.

"The letters, however, if properly identified, would not of themselves authorize any inference against the defendants; they were only the acts and declarations of others; and, unless adopted or sanctioned by the defendants, by some reply or statement, or by some act done in pursuance of their suggestions, they ought not to prejudice the defendants. Letters addressed to an individual, and received by him, are not to have the same effect as verbal communications. Silence, in the latter case, may authorize the inference of an assent to. the statement made, but not equally so in the case of a letter received but never answered, or acted upon." Commonwealth v. Eastman, 1 Cush. (Mass.) 215, 48 Am. Dec. 596.

"The maxim [qui tacet consentire videtur] had also been applied, as between the parties, to certain mercantile dealings, as where an account current was sent to the party by letter, and no objection made to it within a given time, established by convenience or by commercial usage. * * * But it could not, in principle, be applicable to facts stated in a letter which the party was not bound, nor interested, to answer. It would be placing a man entirely at the mercy of others, if he was to be bound by what others chose to assert, in addressing letters to him. In no sense, could his silence be considered an

admission of such facts." People v. Green, 1 Parker Cr. R. (N. Y.) 17.

See, also, United States v. Crandell, Fed. Cas. No. 14885.

The government contends that the act of the plaintiff in error in attempting to destroy the letter rendered it competent. But the letter was received in evidence for an entirely different purpose before the attempted destruction was shown, and the use actually made of it fully justified the fears of the plaintiff in error. His attempt to prevent the government from making such unauthorized use should not now be urged against him to his prejudice. If the letter itself was not competent evidence, the attempt to destroy it could not make it so.

The admission of the letter was therefore prejudicial error. We find nothing in the remaining assignments calling for comment or consideration.

The judgment is reversed, and the case is remanded for a new trial.