### UNITED STATES v. BROWN.
#### Crim. A. No. 2464.

United States District Court, Alaska.
Third Division. Anchorage.
Aug. 22, 1951.

528

John R. Connolly, Asst. U. S. Atty., Anchorage, Alaska, George Apostol, Asst. Atty. Gen., for plaintiff.

Kay & Robison and Roger Cremo, Anchorage, Alaska, for defendant.

FOLTA, District Judge.

The principal ground urged in support of the defendant's motion for a new trial is that a communication made by the bailiff to the jury during its deliberations coerced it into reaching a verdict.

The jury received the case at about 3 p. m. August 6 and returned a verdict at 11:15 the next morning. Upon being polled, each juror responded that the verdict returned was his verdict. Thereafter, in a manner condemned in Rakes v. United States, 4 Cir., 169 F.2d 739, 745, the defense succeeded in obtaining the information set forth in support of its motion. Undoubtedly evidence of some irregularity can be unearthed in every case by subjecting the jury to this kind of inquisition. It is a reprehensible practice that does much to perpetuate the sporting theory of justice which characterizes criminal trials, to the shame of the Courts. From the affidavits of the jurors and the trial Judge, it appears that at 9 a. m., August 7, a juror asked the bailiff to tell the Judge that the jury was unable to agree, which the bailiff did; but it further appears that the Judge's office was used by the bailiffs for telephoning and other purposes and that when the bailiff told the Judge that the jury was unable to agree, without apprising him that it was a communication from the jury, the Judge, thinking the bailiff was merely making conversation in connection with performing some other errand, told him in substance and effect that the jury could not be discharged yet and would have to continue their deliberations. The bailiff, however, perhaps because he was inexperienced and found the job of awaiting a verdict rather tedious, particularly without the benefit of time and a half and double time for overtime paid by every other employer, told the jury that they would not only have to continue their deliberations but also would have to reach a verdict.

The question presented is whether an unauthorized communication by the bailiff, which the jury believed came from the Judge in response to its query, to the effect that they would have to reach a verdict is in the circumstances here present such error as to require a new trial. The defendant contends that error is presumed. That may be, but the presumption is rebuttable. Chambers v. United States, 8 Cir., 237 F. 513. The immediate question, therefore, is whether this presumption has been rebutted.

At the outset it should be noted that affidavits of jurors that they were influenced by such a communication are inadmissible to impeach their verdict. Mattox v. United States, 146 U.S. 140, 13 S.Ct. 50, 36 L.Ed. 917; Hyde v. United States, 225 U.S. 347, 383, 32 S.Ct. 793, 56 L.Ed. 1114; McDonald v. Pless, 238 U.S. 264, 267, 269, 35 S.Ct. 783, 59 L.Ed. 1300; Wheaton v. United States, 8 Cir., 133 F.2d 522. It is obvious, therefore, that aside from the cir-

cumstances under which it was made, the statement of the bailiff that the jury had to reach a verdict stands alone. It is incredible that the jury believed this literally. The instructions made it plain to the jury that they were not required to reach a verdict if they could not conscientiously do so as individuals. Moreover, not only is it common knowledge, which presumably was shared by the jury, that hung juries are not uncommon and that when a jury is unable to agree after the lapse of a reasonable time, it is discharged, but also this fact appears from the affidavits of the jurors' themselves. By Instruction No. 11, the jury were told that they should return a verdict only if they could conscientiously do so; that the verdict should represent the opinion of each juror; that no juror should yield a sincere conviction founded upon the evidence and the law merely to agree and, finally, that before a verdict of guilty could be rendered, each of them must be able to say, in answer to his individual conscience, that he has arrived at a settled conviction based upon the law and the evidence and nothing else that the defendant is guilty. When the bailiff gave them the further instruction that they had to reach a verdict, it is but reasonable to suppose that since they did not request a clarification, it was not deemed inconsistent with the instructions already given, particularly the instruction that juries are impaneled for the purpose of agreeing rather than disagreeing. The fact that upon being polled they all responded in the affirmative, further strengthens this view. The foregoing considered in conjunction with the fact that guilt was clearly proved and the presumption that jurors are true to their oaths and follow the written instruction, United States v. Sorcey, 7 Cir., 151 F.2d 899, 903, suffices, in my opinion, to overcome the presumption of prejudice. Cf. Kriebel v. United States, 7 Cir., 8 F.2d 692, 696.

The remaining contentions appear to be lacking in merit and will not be discussed.

I am of the opinion, therefore, that the motion for a new trial should be denied. But, although I have reached

that conclusion, I cannot say that the defendant has not succeeded, by the means referred to, in creating a substantial question on appeal and since I am about to return to my own district, it may not be amiss to say that, upon taking an appeal, the defendant may be admitted to bail in the sum of $8,500.