### BROWN v. UNITED STATES.
### No. 13210.

United States Court of Appeals
Ninth Circuit.
Jan. 29, 1953.

768

Wendell P. Kay and Roger Cremo, Anchorage, Alaska, for appellant.

J. Earl Cooper, U. S. Atty., Anchorage, Alaska, for appellee.

Before MATHEWS and STEPHENS, Circuit Judges, and DRIVER, District Judge.

MATHEWS, Circuit Judge.

On February 27, 1951, in the District Court for the Territory of Alaska, appellant, Archie L. Brown, was indicted for violating § 4807, Compiled Laws of Alaska, 1933, now § 65–5–63, Alaska Compiled Laws Annotated, 1949.[1] The indictment charged: "That during the period from March 12, 1948, to and including August 28, 1948, [appellant], at Anchorage, Alaska, Third Judicial Division, District of Alaska, did convert to his own use certain money, to wit, Four Thousand Three Hundred Fifty Dollars ($4,350) lawful money of the United States of America, said money being then and there the property of the Territory of Alaska and which had come into his possession by virtue of his position as Deputy Tax Collector for the Department of Taxation, Territory of Alaska."

Appellant was arraigned, pleaded not guilty, was tried and found guilty and filed a motion for a new trial. The motion was denied,[2] and a judgment was entered sentencing appellant to be imprisoned for 2½ years. This appeal is from that judgment.

The Government's evidence in chief showed or strongly tended to show that, during the period mentioned in the indictment, appellant converted to his own use $4,350 which he, as Deputy Tax Collector, had collected and received as taxes owing to the Territory, and for which he had issued tax receipts,[3] and that he concealed the conversion by remitting to the Department of Taxation $4,350 which he, as Deputy Tax Collector, had collected and received as taxes owing to the Territory, but for which he had issued no receipt or receipts, the last mentioned $4,350 having been collected by him from Leo Tyler and

1. The section provides: "That if any person shall receive any money whatever for said Territory [of Alaska] * * * or shall have in his possession any money whatever belonging to such Territory * * and shall in any way convert to his own use any portion thereof * * * such person shall be deemed guilty of embezzlement, and upon conviction thereof shall be punished by imprisonment in the penitentiary not less than one nor more than fifteen years * * *."

2. United States v. Brown, D.C.Alaska, 99 F.Supp. 527.

3. Tax receipts issued by appellant, as Deputy Tax Collector, were sometimes called stamps.

Cecil A. Poythress, partners doing business as Northern Music Company.

As his reason for not issuing a receipt or receipts for the $4,350 collected by him from Tyler and Poythress, appellant testifying as a witness for himself, stated that he had refunded that $4,350 to Poythress in August, 1948.[4] On cross-examination, appellant was shown a letter written to him by J. Earl Cooper, United States Attorney for the Third Division of the Territory, on December 12, 1950, and testified that he received the letter shortly after that date and never answered it. The letter read as follows:

"An examination into the records of the Anchorage office of the Territorial Department of Taxation by the present Deputy Tax Collector, Mr. Bittner, and by the Territorial Tax Commissioner, Mr. Mullaney, reveals that the following facts appear which apparently no one connected with the Department of Taxation is able to reconcile.

"Mr. Leo Tyler, in a notarized statement to the Department of Taxation, claims that in the year 1948 he gave you two checks of $2,200 each making a total of $4,400 for amusement and gaming device stamps.[5] That said stamps were not received with the exception of one $50 stamp for amusement device. The records further reflect by virtue of cancelled checks that the two checks for $2,200 each did go through the Tax Department and were credited to the account of the Department of Taxation. In your settlement letters involving the same period of time, no mention is made of such payments for gaming and amusement devices indicating that stamps were not issued to the Northern Music Company [Tyler and Poythress].

"This matter has been brought to the attention of the Attorney General in the Territory who in turn has made a demand upon the American Casualty Co., Reading, Pa., for reimbursement of $4,350 on your bond. Upon receipt of this letter, I have reason to believe an extensive investigation will be launched. It would, therefore, be appreciated if you would furnish this office with a full explanation as to how this discrepancy could have occurred."

In the course of, and as a part of, the cross-examination of appellant, the Government offered the letter in evidence. Appellant objected to its admission on the ground that it was incompetent, irrelevant and immaterial. The objection was overruled, and the letter was admitted. Appellant contends that its admission was error. There is no merit in this contention. Having voluntarily taken the witness stand and testified as his own witness, appellant was subject to cross-examination like any other witness.[6] The fact that appellant received the letter and never answered it was pertinent to his testimony, on direct examination, that he had refunded the $4,350 collected by him from Tyler and Poythress. Therefore the letter was a proper part of his cross-examination.[7]

In support of his contention that the admission of the letter was error, appellant cites Poy Coon Tom v. United States, 9 Cir., 7 F.2d 109, wherein the admission of an anonymous letter found in the possession of the defendant (Poy Coon Tom) was held to be error. In that case, the letter was admitted as a part of the Government's evidence in chief, and not as a part of any cross-examination. Therefore that case is not in point here.

The District Court's charge to the jury contained an instruction (No. 2) reading as follows:

"The essential elements of the offense charged are:

"(1) That during the period of time alleged, the defendant [appellant], at Anchorage, Alaska, received $4,350.

---

4. Tyler and Poythress, testifying as witnesses for the Government, denied that the $4,350 collected from them by appellant, or any part thereof, was ever refunded.

5. See footnote 3.

6. Ziegler v. United States, 9 Cir., 174 F.2d 439; D'Aquino v. United States, 9 Cir., 192 F.2d 338.

7. See cases cited in footnote 6.

"(2) That such money belonged to the Territory of Alaska.

"(3) That the defendant was during such time tax collector for the Territory.

"(4) That such money came into his possession by virtue of his position as such tax collector, and

"(5) That he converted $4,350 of such money to his own use.

"*You are instructed that there is no dispute as to elements 1 to 4, and your sole concern will be with element No. 5.*[8] As to this element, the prosecution contends that the defendant converted $4,350 of Territorial funds to his own use and concealed this by remitting an equal amount derived from checks of the Northern Music Co. [Tyler and Poythress] for which he had issued no stamps or receipts.

"On the other hand, the defendant contends that he refunded that sum to the Northern Music Co. and therefore did not convert it to his own use.

"*In this connection you are instructed, as a matter of law, that the funds involved in these transactions were funds of the Territory of Alaska.*[9]

"The only question, therefore, which you must decide is whether the defendant converted the $4,350 to his own use or used it to make a refund to the Northern Music Co. If you find that he refunded this amount, you are not to concern yourselves with the question whether such refund was properly or lawfully made, for if he refunded this sum, even though he was not authorized to do so, he would not be guilty of the offense charged.

"If, therefore, you find from the evidence beyond a reasonable doubt that the defendant converted the $4,350 to his own use, you should convict him. But, if you do not so find, or have a reasonable doubt thereof, you should acquit him."

In the District Court, appellant objected to the italicized portions of instruction No. 2 on the ground that they were erroneous in that the jury was thereby instructed, as a matter of law, that the "funds" ($4,350) mentioned in instruction No. 2 belonged to the Territory, whereas, according to appellant, the question whether they belonged to the Territory was a question of fact to be determined by the jury. Appellant here contends that the italicized portions of instruction No. 2 were erroneous in the respect and for the reason stated in the objection. There is no merit in this contention. The evidence established without conflict that the "funds" mentioned were taxes owing to and collected for the Territory. Therefore, as a matter of law, they belonged to the Territory.

The charge to the jury contained an instruction (No. 4) to which appellant made no objection in the District Court. Appellant here contends that instruction No. 4 was erroneous. No objection to instruction No. 4 having been made in the District Court, this contention need not be considered.[10] However, we have considered it and find no merit in it.

One of the stated grounds of the motion for a new trial was that the District Court erred in communicating with the jury in the absence of appellant's counsel. Appellant here contends that the District Court erred in communicating with the jury in the absence of appellant and his counsel. The record shows that the District Court did not communicate with the jury in the absence of appellant or his counsel. As to this, the opinion[11] accompanying the order denying the motion for a new trial correctly stated the facts and stated conclusions with which we agree. What was said there is applicable here.

8. Our italics.

9. Our italics.

10. See Rule 30 of the Federal Rules of Criminal Procedure, 18 U.S.C.A.; Ziegler v. United States, supra; O'Connor v.
United States, 9 Cir., 175 F.2d 477; Nemec v. United States, 9 Cir., 178 F.2d 656; Enriquez v. United States, 9 Cir., 188 F.2d 313.

11. United States v. Brown, supra.

Other contentions of appellant are so obviously lacking in merit as not to require discussion.

Judgment affirmed.