66 So.2d 838

## JACKSON v. BALDWIN.

### 4 Div. 219.

Court of Appeals of Alabama.

June 30, 1953.

Rehearing Denied Aug. 11, 1953.

Brown & Steagall, Ozark, for appellee.

W. R. Martin, Ozark, and Braxton B. Rowe, Enterprise, for appellant.

CARR, Presiding Judge.

This is a proceeding instituted by H. A. Jackson against Marvin Baldwin under the provisions of the Workmen's Compensation Act, Code 1940, Tit. 26, § 253 et seq.

Mr. Jackson was dissatisfied with the amount of his award in the lower court and he brings the proceedings here for our review.

The plaintiff claims disability due to a broken leg sustained on February 22nd, 1951 while he was loading lumber on a truck at the defendant's sawmill.

Without dispute in the evidence the injury did not respond promptly and satisfactorily to the treatment of the physician who first attended the claimant.

On May 25th, 1951 the plaintiff saw Dr. Kaiser of Montgomery, Alabama. The delay in the healing process was explained

by this expert orthopedic surgeon in this manner:

"The patient was recommended, the patient had been admitted to the hospital for open reduction and possible bone graft surgery since it had not shown any evidence of total healing in a period of three or four months at a site where you expect healing in eight weeks. Again, the reason for recommending his surgery was because at that particular point under ordinary circumstances the fracture should have been healed and surgery was then done at Professional Center Hospital on or about the first of June, and that surgery—at surgery it was found the covering of this muscle, known technically as the periosteum, had for some reason or other slipped between the fragments, preventing bone growth between the two fragments."

The operation was successful and apparently by November 14th, 1951 a total and permanent union of the broken bones was observed.

Mr. Jackson was finally dismissed from further treatment by Dr. Kaiser on January 2nd, 1952. At this time there was a complete healing and restoration to normal use.

■ In his finding of facts the trial judge stated in part:

"I am persuaded from the testimony that if this plaintiff had followed his doctor's directions, and had taken the precautions which were suggested, his injury would have healed."

On the basis of this conclusion the judge allowed compensation for only thirteen weeks.

We entertain the view that there is no evidence to sustain this finding.

Dr. Petrey first treated the plaintiff. With respect to his instructions the physician testified:

"I told him the first few days I wanted him to stay in bed, legs propped on pillows, then get up out of bed; he could move around on crutches without putting any weight on his leg. Sit in a chair with leg propped up in another one."

According to the claimant's testimony these instructions were followed.

A neighbor testified that several days after the injury he saw the plaintiff around in the neighborhood, but at all times he was using his crutches and at no time did he place any bodily weight on the injured leg.

There is evidence in the record that the plaster of paris cast was unclean and deteriorated at the bottom. Long use could have contributed to or caused this condition.

Dr. Kaiser was asked to give his explanation of the cause of the delayed healing process and to state whether or not this could have resulted from undue motion at the location of the bone break. The expert testified that undue motion could have caused the condition, but in his long professional experience he had never been confronted with such an unusual development, and he had no way of telling what produced it.

We do not think a useful purpose could be served by our entering into a discussion of the reviewing authority of appellate courts in matters of instant concern. The rules are familiar to the bench and bar.

■ The proceedings come to this court by certiorari, in which a transcription of the testimony is allowed as a part of the record. It is not to be considered for the purpose of passing on the weight of the evidence or reconciling conflicting tendencies. It is to be used in determining whether or not there is any evidence to support the findings of the trial judge. 19 Alabama Digest, Workmen's Compensation, ⌾1940.

There is, in our opinion, a total lack of evidence to support or sustain the finding of the trial judge in his award of only thirteen weeks compensation.

The writ is granted.

The judgment below is reversed and the cause remanded.

Reversed and remanded.