**Berry Anderson DYSON, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 16697.**

United States Court of Appeals
Ninth Circuit.

Sept. 26, 1960.

Rehearing Denied Dec. 2, 1960.

Merrill, Circuit Judge, dissented.

Berry A. Dyson, in pro. per.

Laughlin E. Waters, U. S. Atty., Robert J. Jensen, Bruce A. Bevan, Jr., Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before BARNES and MERRILL, Circuit Judges, and BOWEN, District Judge.

BOWEN, District Judge.

Pursuant to § 2113(a), Title 18 U.S.C., appellant was indicted, tried and convicted by a jury, and was, by the United States District Court for the Southern District of California, Central Division, in which he was tried, sentenced to ten years imprisonment for a Los Angeles national bank robbery occurring on May 4, 1959. This appeal from that final decision and action by the District Court is within the jurisdiction of this Court. § 1291, Title 28 U.S.C.

Upon this appeal from that conviction and sentence, appellant here in effect assigns two notable errors: (1) that the Trial Court erred in instructing the jury that when as appellant did in this case a defendant in a criminal case voluntarily testifies to material facts concerning his guilt or innocence of the charge against him as a witness in his own behalf and fails to deny or explain incriminating facts already in evidence, such failure may be commented upon by the prosecution adversely to the defendant and may be considered by the jury, and (2) that the Trial Court erred in failing to exclude appellant's oral confession.

■ Respecting the first assigned error, as to a defendant in a criminal case not being required to be a witness against himself and as to the consequences if he does so voluntarily, this Court is required to rule against appellant's contention as applied to the related conduct of appellant in this case because of the decision of the Supreme Court against the same contention in Caminetti v. U. S., 242 U.S. 470 at pages 493–494, 37 S.Ct. 192, at pages 197–198, 61 L. Ed. 442 at pages 456–457, affirming this Court's judgment in the case of Diggs v. U. S. and Caminetti v. Same, 220 F. 545, and approving the trial court's instruction to the jury in those cases which included the exact words (220 F. 545 at page 548) of the instruction in this case now attacked by appellant. The rule stated in that instruction is supported also by the later Supreme Court case of Raffel v. U. S., 271 U.S. 494, 46 S.Ct. 566, 70 L.Ed. 1054, by other authoritative federal court decisions (Bolling v. U. S., 4 Cir., 18 F.2d 863; Brown v. U. S., 6 Cir., 234 F.2d 140; Carpenter v. U. S., 4 Cir., 264 F.2d 565; Brown v. U. S., 9 Cir., 201 F.2d 767; D'Aquino v. U. S., 9 Cir., 192 F.2d 338; Ziegler v. U. S., 9 Cir., 174 F.2d 439; Madden v. U. S., 9 Cir., 20 F.2d 289; Banning v. U. S., 6 Cir., 130 F.2d 330) and by Wigmore, Evid. (3d ed. 1940) § 2276(2).

■ Although appellant's counsel stated, both in his opening statement to the jury and when he began his direct examination of appellant before the jury, that appellant would be asked to testify only as to the circumstances under which he made the confessions to the city police officer and the FBI agent, and not as to whether appellant committed the crime in question, nevertheless, after the close of appellee's case in chief, appellant's counsel as part of appellant's case in chief called him as a voluntary witness on his own behalf before the jury and, among other things, asked him the following questions and received the following answers:

"Q. You were first questioned by Sergeant Rafferty. What were you questioned regarding? A. Regarding the robbery.

"Q. What did you say? A. I denied it.

"Q. You said you did not commit the robbery? A. Yes, I did."

Appellant's counsel did beforehand say in effect that those questions would be asked of appellant merely to show whether the confession was free and voluntary, but his competent counsel chose the questions and by those questions and answers appellant just as effectively put before the jury his denial of his guilt of the crime charged against him as if his counsel instead had asked him before the jury question: "Mr. Dyson, are you guilty or not guilty of this crime?", and had received the answer: "Not guilty". The

fact is appellant did in that manner by his own voluntary testimony in his own behalf and by his own counsel's questions on direct examination of appellant before the jury effectively put before the jury appellant's own sworn statement on the merits, not merely on a collateral matter, that he "did not commit the robbery", and in effect that on the merits he was not guilty of the crime. He did not as did the defendant in Grantello v. U. S., 8 Cir., 3 F.2d 117, merely take the witness stand, speak his own name and say no more. Appellant did voluntarily testify on the merits, not upon a purely collateral matter, the Diggs-Caminetti case, supra, applies, and as therein ruled the appellant as such witness was subject to the same kind of cross-examination, including impeaching questions, as any other witness.

That appellee's counsel on cross-examination did upon appellant's counsel's objection to it withdraw his inquiry as to whether appellant did commit the robbery is no answer to the foregoing statements concerning appellant's testimony that he told the police officer he "did not commit the robbery".

Even if, however, the foregoing testimony of appellant before the jury as to his not committing the robbery were not in this case, it is, as to the other evidence directly relating to unvoluntariness, wholly unrealistic to say that appellant's testimonial attack, below stated in greater detail, upon the voluntariness and legality of his confession by saying in effect it was obtained only by promise of non-prosecution of appellant's relatives, was not intended by him to show a circumstance directly negating his guilt and directly supporting his plea of not guilty. Of course the appellant did expect the jury to give that direct effect to that testimony. In reality, as every judge and lawyer know, if a defendant succeeds in knocking out his confession either by the court's ruling or the jury's verdict because of his testimony that the confession was obtained by coercion, intimidation or improper promises, the defendant thereby strikes a vital if not fatal blow to the prosecution's case on the merits as to the guilt or innocence of the accused. The question of illegality of a confession through involuntariness by reason of intimidation in the making of the confession, in any case, goes, not to a collateral matter, but to the very heart of the merits of the question whether the defendant is or is not guilty. It is not a collateral matter, e. g., like that as to a former unrelated bank robbery. There is no justification in fact for appellant's contention here that what he said as a witness in his own behalf did not give rise to any basis for the Trial Court's instruction which was taken from the Diggs-Caminetti case, supra.

The rule of that case is still binding and is controlling of this Court's action upon the facts in this case including all those hereafter discussed, and appellant's first assigned error must be and is rejected.

■ We now turn to the appellant's second assigned error. From competent witnesses other than the appellant himself, the Government appellee, as part of its case in chief before the jury and before appellant testified before the jury, introduced evidence that the bank teller identified appellant as the robber; that the robbery occurred on May 4, 1959, about 1:00 or 1:30 P.M.; that appellant effected the robbery of the bank by delivering to the teller a note stating "I have a gun, give me $2,000" and by the teller's responsive passing to appellant from bank funds money bills and coins totaling $655.05, including some two-dollar bills with numbers previously recorded in the bank's records; that on the night of May 4, 1959, the robbery date, appellant delivered to his brother-in-law Harris five of the two-dollar bills taken in the robbery and also on that same night gave Harris about $195 to hold for appellant, although on the morning of the same day, appellant had very little, if any, money.

During the trial before the jury when appellee first indicated its intention to introduce evidence of appellant's oral

confession of the acts charged against him, appellant's attorney asked the Trial Court's permission to inquire upon the voir dire in the absence of the jury as to whether the confession was voluntarily made.

That permission was granted, and appellant's attorney did, in the jury's absence after appellee's witness had testified on direct examination, cross-examine appellee's witness on the issue of such voluntariness, and also did call appellant as a voluntary witness on his own behalf at such voir dire hearing when appellant testified as to the non-voluntary nature of the confession. The Trial Court, after hearing all the voir dire evidence so adduced, and still in the absence of the jury, in effect ruled that the confession was not excludable as a matter of law, and that the question whether it was voluntarily made should be submitted to the jury.

That was done. Upon completion before the jury by appellee's attorney of his direct examination of appellee's witness who testified as to appellant's making the confession and as to what appellant said in the course of the confession, appellant's attorney then before the jury cross-examined that prosecution witness. Also, after appellee rested its case in chief before the jury, appellant's attorney called the appellant himself as a voluntary witness before the jury in his own behalf for the limited purpose of testifying before the jury on the question of the voluntariness or involuntariness of the confession.

As to his claim of being coerced and intimidated by the city police sergeant into making his confession, both the Trial Court on the voir dire and the jury heard and considered appellant's testimony upon that question to the effect that the police officer told him if he did not confess members of his family including his brother recently released from a mental institution, and who he feared might have a mental breakdown if questioned, would be picked up and questioned about this case, and also heard and considered the FBI agent's

testimony, and apparently both the Court and the jury were not sufficiently impressed by appellant's testimony to believe it completely destroyed the confession's probative value, either because they did not believe it was sufficiently coercive or intimidating in the light of the other evidence on the same question to induce the confession or because they did not believe the appellant's story about it. The jury, however, was by the Court with its full instructions including those in form very favorable to him as requested by appellant on the intimidation question required to consider that evidence on that question along with the other evidence in the case under the law as stated by the Court in its instructions.

In Denny v. U. S., 4 Cir., 1945, 151 F.2d 828, at page 833, the Court said:

"The testimony as to the confession was taken in the presence of the jury at the suggestion of the defendant's attorneys, and at its conclusion, the objection to the admissibility of the evidence was overruled by the judge with the statement that the jury would later be instructed as to how to treat the evidence when considering their verdict. Subsequently, during the charge of the court, the jury were told to disregard the confession unless they found that it was the voluntary act of the defendant uninfluenced by threats or promises. This procedure was approved in Wilson v. United States, 162 U.S. 613, 624, 16 S.Ct. 895, 900, 40 L.Ed. 1090, where the court said:

" 'When there is a conflict of evidence as to whether a confession is or is not voluntary, if the court decides that it is admissible, the question may be left to the jury, with the direction that they should reject the confession if, upon the whole evidence, they are satisfied it was not the voluntary act of the defendant.'

"This case was recently cited with approval in Lisenba v. California, 314 U.S. 219, 236, 62 S.Ct. 280, 86 L.Ed. 166, note 16. We have exam-

ined the testimony in the record in the pending case bearing on the admissibility of the confession and we find no reason to reject the determination of the District Court. In reaching this conclusion we have followed the rule laid down in recent decisions of the Supreme Court. * * * ".

See Lewis v. U. S., 9 Cir., 1934, 74 F.2d 173; D'Aquino v. U. S., 9 Cir., 1951, 192 F.2d 338; Smith v. U. S., 9 Cir., 1959, 268 F.2d 416.

The issue whether the confession was voluntary or not was, under adequate instructions requested by and most favorable to appellant, properly submitted to the jury upon all the applicable evidence in the case some supporting appellant's contentions and some supporting appellee's contentions, and the jury did after due deliberation upon all the facts and circumstances disclosed by the evidence return its verdict against appellant.

Here we have carefully examined all of the testimony adduced on the voir dire before the Court in the jury's absence and that introduced before the jury concerning the question as to voluntariness of the confession. We also have considered every other fact and circumstance reflected by the evidence in the case. After doing so we do not feel justified in setting aside or disturbing the action of the Trial Court or the jury's verdict adverse to appellant respecting the voluntariness of the confession or any other issue in this case. Moreover, we agree with the Court's action and the jury's verdict.

We do not agree with appellant's second assigned error and reject it.

The judgment and sentence of the Trial Court is affirmed.

MERRILL, Circuit Judge (dissenting).

I dissent, believing that the Diggs-Caminetti rule should not apply to those cases where as here the taking of the stand by the defendant was upon an issue unrelated to the issue of guilt. Grantello v. United States, 8 Cir., 1924, 3 F.2d 117, 121.

The question of the voluntariness of a confession involves constitutional guaranties and, it would seem to me, should be recognized to be an issue wholly independent of the issue of guilt—one upon which the defendant should be free to testify, subjecting himself to cross-examination upon that issue and as to credibility but without subjecting himself to cross-examination or incriminating inferences upon the issue of guilt. The choice of federal law that factual issues upon the question of voluntariness be resolved by the trial jury rather than by some independent trier of fact (cf. Enoch v. Commonwealth, 1925, 141 Va. 411, 126 S.E. 222; 3 Wigmore, Evidence (3d Ed., 1940) §§ 860–861) should not be permitted to result in prejudicing the defendant in his right to testify freely upon this matter.

I cannot agree with the majority that the quoted testimony of the defendant amounts to a present assertion of innocence. If the whole story of an involuntary confession is to be told, it would normally include three parts: the assertion of innocence to the interrogating officer, the application of duress and the resulting confession. Such was the story told by this appellant. The quoted testimony, to me, was no more than his statement of part number one.

The fact that he was not asserting his innocence under oath would seem to have been made clear to the jury. Counsel opened his direct examination of appellant in the following manner:

"Q. Now, Mr. Dyson, I am going to ask you questions which relate solely to the circumstances under which you made certain confessions to Sergeant Rafferty of the Los Angeles Police Department and to Mr. Crowe.

"I am not going to ask any other questions relating to your actions, relating to a haircut or whether or not you committed the crime in question.

"The purpose of this questioning is solely to permit the jury to ascertain whether your confession to Mr. Crowe on Wednesday, after you had been brought before the Commissioner, was in fact free and voluntary."

Upon cross-examination and again on re-cross, counsel for the United States inquired of the defendant whether he was in fact innocent of the crime. Upon objections by defendant's counsel, these efforts to enlarge the scope of the defendant's testimony failed.

Accordingly, in my view, the giving of the instruction in question was error such as to require reversal and a remand for new trial.