241 So.2d 901

**Charles Eugene WELLS, Alias**

**v.**

**STATE.**

**6 Div. 74.**

Court of Criminal Appeals of Alabama.

Dec. 15, 1970.

Parker, Wilkinson & Montgomery, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and Lloyd G. Hart, Asst. Atty. Gen., for the State.

CATES, Judge.

First degree murder, uxoricide, with life sentence.

The appellant testified in his own behalf. Over objection, the State cross examined him as to the text of amorous letters written to him. These emanated from a lady he said was about twenty years his senior and she had undergone psychotherapy at some unspecified time in the past.

The record shows the Court's ruling as follows:

"THE COURT: I do overrule the objection.

"MR. WILKINSON: We take exception.

"THE COURT: Let the record show that the statements and questions are admitted for the purpose of showing motive, and possibly impeachment, is that correct?

"MR. MCDONALD: Yes, sir."

The passionate penwoman wrote from Haleyville, Alabama. She wrote the first letter to the appellant as a reply to one he had written her father. Thereafter he kept up the correspondence but he steadfastly denied that he entertained adulterous feelings toward her.

The mode of interrogation was much like that used on witness Loyd in Douglas v. State, 42 Ala.App. 314, 163 So.2d 477.

And as a burnt child avoids the fire, so do we shun another Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934.

■ We hold the admission of this testimony, even with the judge's purported limitation, was error, and prejudicial.

First, as to motive the missives failed to reveal any motive by the writer or the appellant to kill his wife. There was talk by her of his wife's divorcing him in the future. At the time of writing, the Wells were separated—he was in California.

Concededly a slight implication of motive to kill renders the proof admissible. But here the record is devoid of Wells's response to the stimulus to commit adultery, which is the most that the missives might be characterized.

Second, the letters are rank hearsay—the testimony of a third person not present except vicariously when the letters were opened and who never was called as a witness by the State. Tanner v. State, 259 Ala. 306, 66 So.2d 838.

Third, even if it is arguable that the defendant by his admission of keeping up the correspondence reciprocated the emotion, yet here he was confronted with words and not a witness. See Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923; Douglas v. Alabama, supra; Con.1901, § 6.

See also State v. Adrian, Haw., 453 P.2d 221; Poy Coon Tom, 7 F.2d 109.

Had the admission been confined so as to expressly exclude the truth of the contents of the letters, we might be presented with a closer question. See discussion in State v. McFarland, 83 N.J.L. 474, 83 A. 993. This case was decided before *Pointer*, supra.

■ The fact of receiving the letters would seem admissible but the recitation of the contents requires the right of cross examination of the writer.

The judgment below is reversed and the cause remanded for trial de novo.

Reversed and remanded.

ALMON, J., not sitting.