AARON N. BUNCKLEY *v.* STATE OF MISSISSIPPI.

1. CRIMINAL PROCEDURE. *Defendant's failure to testify.* *Code* 1892, § 1741. *Preliminary hearing.*

Under code 1892, § 1741, making defendants in criminal cases competent witnesses in their own behalf, but providing that a failure to testify shall not operate to their prejudice, the failure of a defendant to testify on a preliminary hearing cannot be used to his prejudice on his trial.

2. SAME. *Larceny. Possession. Failure to explain on preliminary hearing.*

In a prosecution for larceny, the evidence tending to show that defendant was in possession of the stolen property shortly after the theft, it is reversible error for the state, defendant objecting, to be permitted to offer evidence to show that the defendant failed to testify on a preliminary hearing in explanation of his possession.

FROM the circuit court of Franklin county.

HON. JEFFERSON TRULY, Judge.

Bunckley, appellant, was indicted for and convicted of larceny, and appealed to the supreme court. The facts are stated in the opinion of the court.

*Brame & Brame, Alexander & Alexander, Cassedy, Ratcliff & Cassedy* and *Theodore McKnight,* for appellant.

The judgment must be reversed because the trial court, over the objection of appellant, allowed the witnesses for the state to testify as to the failure of the accused to become a witness on the preliminary hearing. This was violative of § 1741, code 1892. The charge against the appellant is larceny and the state relied solely on proof tending to show that the stolen property was found in defendant's possession soon after the theft and the absence of an explanation of his possession by the accused. Defendant's failure to testify in such a case, if

brought to the attention of the jury, would be most prejudicial, more so than in ordinary cases.  Accused had the legal right not only to refuse to testify on the preliminary hearing, but also to refuse to make explanation.  The precise question has recently been decided in Texas.  *Richardson* v. *State,* 33 Tex. Crim. Rep., 520, and in Kentucky, *Parrott* v. *Commonwealth,* 47 S. W. Rep., 452.

*Wiley N. Nash,* attorney-general, for appellee.

The evidence amply warrants the conviction of appellant, and the judgment appealed from is so manifestly correct that it should be affirmed.  Code 1892, § 1741, relates to a failure by a defendant to testify on his trial proper and not to incidental or preliminary hearings.

TERRAL, J., delivered the opinion of the court.

Bunckley was indicted and convicted of the larceny of six hogs of the value of thirty dollars, and sentenced to the penitentiary.  The evidence offered to convict the defendant consisted of proof that the hogs of Pool recently lost by him were found in the pen of Bunckley, with other criminating circumstances.

Upon the trial of the case in the circuit court the prosecuting witness, Pool, in answer to a direct inquiry of the district attorney calling for such answer, stated that there was a preliminary trial of the case and that Bunckley did not there, or at any time, make an explanation of his possession of the hogs.  The question and answer were broad enough to cover the fact that Bunckley had not testified upon the preliminary investigation, and there offered an excuse for his being found in the possession of the hogs.  Other like testimony of other witnesses was given on the part of the state, over the objection of the defendant, and he here claims that this evidence violates § 1741, code 1892, which makes the accused a competent witness for himself, but provides that

his failure to testify shall not operate to his prejudice or be commented on by counsel. That the district attorney did, upon the trial of the defendant, call the attention of the jury to the fact that the defendant, upon the preliminary investigation, did not take the witness stand, and remove the inference of guilt that might be predicated of his being found in the possession of property recently stolen, was, we think, a prejudice to the defendant, and in conflict with § 1741, code 1892. It was competent for the state to show, as it did by the officer Leggett, that the defendant had said to him that he bought the hogs, but declined to say from whom he bought them, replying "that was on the next page;" for it is always competent to show the voluntary statement of the defendant as to how he came into the possession of the stolen property and leave to the jury the decision whether the statement be untrue or unreasonable; but to point out by questions or by inferences to be drawn from them that the accused would not testify to exculpating circumstances, was quite a different thing. To ask whether there was a preliminary trial, and to immediately follow such inquiry by the question whether the defendant had made any explanation of his possession of the hogs, was to suggest to the jury that the defendant, by taking the witness stand on the preliminary investigation, could have made his innocence appear if, in fact, he were innocent.

In Kentucky, where a statute similar to ours is in force, the court of appeals, through Justice White, said: "This [statute] in our opinion applies equally to failure to testify on the examining trial." *Parrott* v. *Commonwealth,* 47 S. W. Rep., 452.

*For the error indicated the judgment is reversed, the verdict is set aside, and a new trial is awarded.*