## RAFFEL v. UNITED STATES.

CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 307. Submitted May 4, 1926.—Decided June 1, 1926.

1. A defendant in a criminal case who voluntarily testifies in his own behalf, waives completely his privilege under the Fifth Amendment, and the Act of March 16, 1878. P. 495.

2. It is not error to require a defendant offering himself as a witness upon a second trial and denying the truth of evidence offered by the prosecution to disclose upon cross examination that he had not testified as a witness in his own behalf upon the first trial, and to explain why he did not deny the same evidence when then offered. P. 497.

IN ANSWER to a question propounded by the Circuit Court of Appeals upon a review of a conviction under the Prohibition Act.

*Messrs. James B. Adamson* and *George B. Martin* were
on the brief for plaintiff in error.

*Solicitor General Mitchell* and *Mr. Alfred A. Wheat,*
Special Assistant to the Attorney General, were on the
brief for the United States.

MR. JUSTICE STONE delivered the opinion of the Court.

Raffel, with another, was indicted and twice tried for
conspiracy to violate the National Prohibition Act.
Upon the first trial, a prohibition agent testified that,
after the search of a drinking place, Raffel admitted that
the place belonged to him. On that trial Raffel did not
offer himself as a witness, and the jury failed to reach a
verdict. Upon the second trial the prohibition agent gave
similar testimony. Raffel took the stand and denied
making any such statement. After admitting that he
was present at the former trial, and that the same prose-
cuting witness had then given the same testimony, Raffel
was asked questions by the court which required him to
disclose that he had not testified at the first trial, and to
explain why he had not done so. The questions and
answers are printed in the margin.* The second trial
resulted in a conviction. On writ of error, the Circuit
Court of Appeals for the Sixth Circuit certified to this

---

* " Q. Did you go on the stand and contradict anything they said?
A. I did not.
Q. Why didn't you?
A. I did not see enough evidence to convict me.
Defendants object to the questions of the Court.
The Court: I am not commenting; I am just asking why he didn't.
Defendant excepts.
The Court: That is so?
The Witness: I did not think there was enough evidence to do it.
By Raffel's Counsel:
Q. The failure to take the stand on the trial was under the advice
of counsel, was it not?
A. Yes sir."

Court (Jud. Code § 239) a question necessary to the disposition of the case as follows:

"Was it error to require the defendant, Raffel, offering himself as a witness upon the second trial, to disclose that he had not testified as a witness in his own behalf upon the first trial." :

To this, and to the similar questions which involve, not a previous trial, but a previous preliminary examination, or a hearing upon *habeas corpus* or application for bail, the authorities have given conflicting answers. Cases which support the Government's position are *Commonwealth* v. *Smith*, 163 Mass. 411, and *People* v. *Prevost*, 219 Mich. 233. See also *Taylor* v. *Commonwealth*, 17 Ky. L. 1214; *Sanders* v. *State*, 52 Tex. Cr. 156. Compare *Garrett* v. *Transit Co.*, 219 Mo. 65, 90–95.

Other cases take an opposite view, with perhaps less searching examination of the principles involved. See *Parrott* v. *Commonwealth*, 20 Ky. L. 761; *Newman* v. *Commonwealth*, 28 Ky. L. 81; *Smith* v. *State*, 90 Miss. 111; *Parrott* v. *State*, 125 Tenn. 1; *Wilson* v. *State*, 54 Tex. Cr. 505. And see *People* v. *Prevost, supra,* 246, *et seq.* Compare *Masterson* v. *Transit Co.*, 204 Mo. 507; *Garrett* v. *Transit Co., supra.*

The Fifth Amendment provides that a person may not "be compelled in any criminal case to be a witness against himself"; and by the Act of March 16, 1878, c. 37, 20 Stat. 30, it is enacted:

"That in the trial of all indictments . . . against persons charged with the commission of crimes, offenses, and misdemeanors, in the United States Courts . . . the person so charged shall, at his own request but not otherwise, be a competent witness. And his failure to make such request shall not create any presumption against him." :

The immunity from giving testimony is one which the defendant may waive by offering himself as a witness.

*Reagan* v. *United States,* 157 U. S. 301; *Fitzpatrick* v. *United States,* 178 U. S. 304; *Powers* v. *United States,* 223 U. S. 303; *Caminetti* v. *United States,* 242 U. S. 470; *Gordon* v. *United States,* 254 Fed. 53; *Austin* v. *United States,* 4 Fed. (2d) 774. When he takes the stand in his own behalf, he does so as any other witness, and within the limits of the appropriate rules he may be cross-examined as to the facts in issue. *Reagan* v. *United States, supra,* 305; *Fitzpatrick* v. *United States, supra; Tucker* v. *United States,* 5 Fed. (2d) 818. He may be examined for the purpose of impeaching his credibility. *Reagan* v. *United States, supra,* 305; *Fitzpatrick* v. *United States, supra,* 316. His failure to deny or explain evidence of incriminating circumstances of which he may have knowledge, may be the basis of adverse inference, and the jury may be so instructed. *Caminetti* v. *United States, supra.* His waiver is not partial; having once cast aside the cloak of immunity, he may not resume it at will, whenever cross-examination may be inconvenient or embarrassing.

If, therefore, the questions asked of the defendant were logically relevant, and competent within the scope of the rules of cross-examination, they were proper questions, unless there is some reason of policy in the law of evidence which requires their exclusion.

We may concede, without deciding, that if the defendant had not taken the stand on the second trial, evidence that he had claimed the same immunity on the first trial would be probative of no fact in issue, and would be inadmissible. See *Malone* v. *State,* 91 Ark. 485, 491; *Lowenherz* v. *Merchants Bank,* 144 Ga. 556; *Bunckley* v. *State,* 77 Miss. 540; *People* v. *Willett,* 92 N. Y. 29; but see *People* v. *Prevost, supra.*

Making this concession, and laying aside for the moment any question whether the defendant, notwithstanding his offering himself as a witness, retained some vestige of his immunity, we do not think the questions asked of him

were irrelevant or incompetent. For if the cross-examination had revealed that the real reason for the defendant's failure to contradict the government's testimony on the first trial was a lack of faith in the truth or probability of his own story, his answers would have a bearing on his credibility and on the truth of his own testimony in chief.

It is elementary that a witness who upon direct examination denies making statements relevant to the issue, may be cross-examined with respect to conduct on his part inconsistent with this denial. The value of such testimony, as is always the case with cross-examination, must depend upon the nature of the answers elicited; and their weight is for the jury. But we cannot say that such questions are improper cross-examination, although the trial judge might appropriately instruct the jury that the failure of the defendant to take the stand in his own behalf is not in itself to be taken as an admission of the truth of-the testimony which he did not deny.

There can be no basis, then, for excluding the testimony objected to, unless it be on the theory that under the peculiar circumstances of the case, the defendant's immunity should be held to survive his appearance as a witness on the second trial, to the extent at least, that he may be permitted to preserve silence as to his conduct on the first.

Whether there should be such a qualification of the rule that the accused waives his privilege completely by becoming a witness, must necessarily depend upon the reasons underlying the policy of the immunity, and one's view as to whether it should be extended. The only suggested basis for such a qualification is that the adoption of the rule contended for by the Government might operate to bring pressure on the accused to take the stand on the first trial, for fear of the consequences of his silence in the event of a second trial; and might influence the defendant to continue his silence on the second trial be-

cause his first silence may there be made to count against him. See *People* v. *Prevost, supra,* 247; 36 Harv. L. Rev., 207, 208.

But these refinements are without substance. We need not close our eyes to the fact that every person accused of crime is under some pressure to testify, lest the jury, despite carefully framed instructions, draw an unfavorable inference from his silence. See *State* v. *Bartlett,* 55 Me. 200, 219; *State* v. *Cleaves,* 59 Me. 298, 300. When he does take the stand, he is under the same pressure: to testify fully, rather than avail himself of a partial immunity. And the accused at the second trial may well doubt whether the advantage lies with partial silence or with complete silence. Even if, on his first trial, he were to weigh the consequences of his failure to testify then, in the light of what might occur on a second trial, it would require delicate balances to enable him to say that the rule of partial immunity would make his burden less onerous than the rule that he may remain silent, or at his option, testify fully, explaining his previous silence. We are unable to see that the rule that if he testifies, he must testify fully, adds in any substantial manner to the inescapable embarrassment which the accused must experience in determining whether he shall testify or not.

The safeguards against self-incrimination are for the benefit of those who do not wish to become witnesses in their own behalf and not for those who do. There is a sound policy in requiring the accused who offers himself as a witness to do so without reservation, as does any other witness. We can discern nothing in the policy of the law against self-incrimination which would require the extension of immunity to any trial or to any tribunal other than that in which the defendant preserves it by refusing to testify.

*The answer to the question certified is "No."*