## UNITED STATES v. KLINGER.
### No. 274.

Circuit Court of Appeals, Second Circuit.
June 11, 1943.

Louis Halle, of New York City, for appellant.

Winston H. Pickett, Asst. U. S. Atty., and Mathias F. Correa, U. S. Atty., both of New York City (Keith Brown, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before L. HAND, AUGUSTUS N. HAND and CHASE, Circuit Judges.

## PER CURIAM.

 The defendant was convicted of the unlawful possession and transfer of gasoline ration books. The crime was proved unless ration books, if stripped of their covers, are no longer within the statute, which patently they are. The defendant raised several other objections, only one of which is important enough, however, to deserve discussion. Before the information was filed against him, he appeared before a grand jury—unwillingly, as he says—and was questioned about the transaction now charged against him as a crime. Some of the questions put to him he answered; some he refused to answer claiming his privilege against self-crimination, in which he was undoubtedly right. Upon the trial he took the stand in his own defense, and upon cross examination the prosecution was allowed to bring out over his objection that he had refused to answer these questions before the grand jury. The judge so ruled in reliance upon Raffel v. United States, 271 U.S. 494, 46 S.Ct. 566, 70 L.Ed. 1054; United States v. Buckner, 2 Cir., 108 F.2d 921, 927; United States v. Mortimer, 2 Cir., 118 F.2d 266, 268. The argument is that the decision of the Supreme Court in Johnson v. United States, 318 U.S. 189, 63 S.Ct. 549, 87 L.Ed. ——, decided after the trial had been concluded, has changed the law there laid down.

The crux of the prosecution's case in Johnson v. United States was that the accused had received certain payments in the last two months of 1937, which he had not entered in his income tax return. He took the stand in his own defense, and was asked on cross examination whether he had not received payments of a similar kind in 1938, which the judge ruled to be a relevant inquiry. The accused then claimed his privilege against self-crimination which the judge sustained, but allowed the prosecution and the jury to use his refusal upon the issue of his "credibility." The Supreme Court held that, regardless of the correctness of the ruling sustaining the privilege, the judge, having once sustained it, ought not to have allowed the refusal to be used as it was. This was not because it was improper to use it at all, but because the accused should have been given the opportunity to choose whether to disclose the facts, or suffer any prejudice arising from comment on the refusal. It would seem to follow that, if he had been advised of the use which might be made of the refusal, he would have had no complaint. If this be taken to imply a corresponding limitation upon the doctrine of Raffel v. United States, supra, 271 U.S. 494, 46 S.Ct. 566, 70 L.Ed. 1054, it would require the judge—and perhaps also any non-judicial questioner—to advise a person examined in advance of a trial, not only that he was privileged not to answer, but that his refusal might be used against him, if at some future time he wished to testify in his own behalf. It would be necessary to do this at the time when he was first questioned, because it would be too late at the trial to give him any choice, for the judge who presided could not know when the accused took the stand what the prosecution was going to ask upon cross examination. Consequently, he would be forced to rule out the evidence in all cases in which the accused had not been advised of the possible future effect of his present refusal. We cannot suppose that the Supreme Court, sub silentio, intended so to add to the privilege, particularly as the law up till then had been that it was not absolutely necessary even to advise a person of it at all. Powers v. United States, 223 U.S. 303, 313, 32 S.Ct. 281, 56 L.Ed. 448. Nor can we believe that the court meant to overrule Raffel v. United States, supra, 271 U.S. 494, 46 S.Ct. 566, 70 L.Ed. 1054. For these reasons we think that Johnson v. United States, supra, 318 U.S. 189, 63 S.Ct. 549, 87 L.Ed. ——, applies only to cases where the claim is made and sustained during the course of the testimony of the accused at a trial. Indeed, so far as we can see, it will be appropriate only when the judge has erroneously sustained the privilege as he had done in Johnson v. United States itself. This is so because, if the question be relevant to the charge, the accused has already waived his privilege by taking the stand; and if it is not relevant, it ought to be ruled out on that account, regardless of any privilege.

Judgment affirmed.