**UNITED STATES of America,
Plaintiff,**

v.

**WILMINGTON CHEMICAL CORP. and
Joseph S. Klehman, Defendants.**

**No. 65 CR 658.**

United States District Court
N. D. Illinois, E. D.

May 6, 1966.

Edward V. Hanrahan, U. S. Atty., Wm. J. Hurley, Asst. U. S. Atty., for United States.

Richard E. Gorman, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

MAROVITZ, District Judge.

Motion of Defendant Klehman to Dismiss.

This is a ten-count information charging violations of the Federal Hazardous Substances Labeling Act, Sec. 1263(a), Title 15, U.S.C. In essence, it is charged that the named defendants, Wilmington Chemical Corporation, and its president, Joseph S. Klehman, caused to be introduced into interstate commerce a number of cans containing X–33 water repellant, a substance defined as "hazardous" under Section 1261(f) (1) (A) (v), and "extremely flammable" within the meaning of Section 1261(1), which cans were misbranded in violation of the requirements set forth in Sections 1261(p) (1) (B), (C), (E), (F), and (I), and in Regulation 21 C.F.R. 191.7(b) (3), promulgated pursuant to Section 1262 (b).

On January 28, 1963, this Court overruled defendants' motion to dismiss, and, at the same time, granted leave to the individual defendant, Klehman, to file an additional motion to dismiss based on the immunity provisions of Section 32, Title 15, U.S.C. That section reads in pertinent part:

"No person shall be prosecuted or be subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may testify or produce evidence, documentary or otherwise, in any proceeding, suit or prosecution under sections 1–7 of this title and all Acts amendatory thereof or supplemental thereto, and sections 8–11 of this title."

■ Relying on his subpoenaed testimony before the Federal Trade Commission in connection with a complaint entitled, *In the Matter of Wilmington Chemical Corp. and Joseph S. Klehman, an individual and as an officer of said corporation*, Docket No. 8548, defendant asserts that he is immune from prosecution herein.

This court must conclude that defendant has failed to meet the burden imposed upon him. In Heike v. United States, 227 U.S. 131, 33 S.Ct. 226, 57 L. Ed. 450 (1931), the Supreme Court of the United States refused to immunize a defendant against a revenue fraud indictment relating to illegal importation of raw sugar after he testified before a federal grand jury investigating antitrust violations as to the amount of sugar melted annually by each of several refineries. In applying the statute which preceded Section 32 now before us, the Court reasoned that the compelled testimony given in the prior hearing must relate in a "substantial" way to the subject matter of the indictment. That is, even though "sugar" was involved in both proceedings, the subject matter of the two inquiries, monopoly and tax fraud, were not sufficiently related so as to activate the immunity statute.

From the papers submitted by the parties herein we must hold that such "substantial relationship" is absent here, as well. That is, while X–33 water repellant provides a common subject, the F.T.C. hearing dealt with defendants' sales practices and unfair competition as they related to Section 5 of the Federal Trade Commission Act, such as representations that defendant was connected with E. I. DuPont de Nemours & Co., and the instant indictment concerns violations of the Federal Hazardous Substances Labeling Act. The failure to include certain mandatory warnings on a label cannot be said to substantially relate to the "unfair trade practices" recited in the F.T.C. complaint. See Himmelfarb v. United States (9th Cir., 1945) 175 F.2d 924, cert. den. 338 U.S. 860, 70 S.Ct. 103, 94 L.Ed. 527 (1949);

United States v. Greater Kansas City Retail Coal Merchants Assn. (D.C.Mo., 1949) 85 F.Supp. 503, 513.

While defendant has gone to great lengths to criticize the "small minded bureaucratic practices" of the F.T.C. and the prosecutive arm of the United States Government, he has very sketchily outlined the similarities between the two proceedings. We are satisfied that the government has sufficiently countered these assertions. That is, while defendant baldly contends that he testified before the F.T.C. with regard to labeling, the government points out that said testimony dealt with defendant's use of the *DuPont* name on labels alone. Similarly, while defendant points to testimony "relating to X–33," the prosecution asserts that Klehman merely discussed waterproofing qualities of X–33, and not its hazardous nature with which we are concerned.

■ Finally, Defendant refers to testimony relating to seizure of X–33 by the F.D.A. This the government asserts, was voluntarily introduced by defendant over strenuous and repeated objections by the F.T.C. attorney. Surely such voluntary evidence cannot be considered "compelled testimony" giving rise to immunity. Just as a defendant may waive his Fifth Amendment privilege against self-incrimination, Raffel v. United States, 271 U.S. 494, 46 S.Ct. 566, 70 L.Ed. 1054 (1926); Smith v. United States, 337 U.S. 137, 150, 69 S.Ct. 1000, 93 L.Ed. 1264 (1949), so a defendant cannot cry "compulsion" and seek immunity when he voluntarily offers information. The "immunity is as broad as the compulsion and no broader." May v. United States (1949) 84 U.S.App.D.C. 233, 175 F.2d 994, 1001. To hold otherwise would be to permit a witness who was called to testify about a minor offense to read off a list of his unrelated transgressions, and thus acquire absolution for his sins. The immunity statute was not intended to serve the function of a confessional, and cannot be construed in that manner.

In the face of the government's detailed rebuttal, defendants' unsupported as-

**94**

sertions can not satisfy the burden the law has dictated he must carry on a motion to dismiss. Nor do his assertions that the government be required to produce the F.T.C. transcript lend support to his cause. Defendant was, and is, free to secure that record and to itemize the "substantial relationship" which he claims to be present. The government cannot in a situation as this be required to subject itself to discovery when the items sought were not obtained from the defendant as required by Rule 16 of the Federal Rules of Criminal Procedure.

On the record before us, it is the opinion of this Court that defendant has failed to demonstrate applicability of Section 32, Title 15, U.S.C. to the instant indictment. The motion of defendant to dismiss is denied.