**Gregory Willie ROBINSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 25770.**

United States Court of Appeals
Fifth Circuit.

Oct. 7, 1968.

---

Carlton L. Welch, Jacksonville, Fla., for appellant.

Gary B. Tullis, Asst. U. S. Atty., Jacksonville, Fla., Edward F. Boardman, U. S. Atty., Middle Dist. of Florida, for appellee.

Before TUTTLE, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

■ We find no basis for attacking the judgment of the trial court on the ground that there was insufficient evidence to warrant submission of the case to the jury. Appellant was convicted under title 50, U.S.C.A. App. § 462(b), making it a crime for a person to have in his possession any Selective Service certificate not duly issued to him.

■ We have carefully considered the other ground of appeal dealing with the criticism of the statutory presumption which provides as follows:

"Whenever on trial for a violation of this subsection the defendant is shown to have or to have had possession of any certificate not duly issued to him, such possession shall be deemed sufficient evidence to establish an intent to use such certificate for purposes of false identification or representation, unless the defendant explains such possession to the satisfaction of the jury."

The Supreme Court has been concerned on several occasions with the effect of such statutory presumptions. Where it has been found, however, that the presumption has "some rational connection between the fact proved and the ultimate fact presumed," Davis v. United States, 107 U.S.App.D.C. 76, 274 F.2d 585, the Supreme Court has permitted such presumptions to stand, see United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965). By comparison see United States v. Romano, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210 (1965), in which the Supreme Court struck down the statutory inference contained in Title 26 U.S.C.A. § 5601(b) (1), because it did not meet the "rational connection" test. Here we have no difficulty in concluding that the statute is not unconstitutional on its face.

■ Further problems arise in connection with the use of such an inference as this, because of the possibility that the statute can be charged in such a manner as to indicate that the only way the presumption can be rebutted is for the defendant himself to take the witness stand and testify in his own behalf. However, this issue was not raised in this case because Robinson elected to take the stand and testify, and thus waived the self incrimination protection afforded him. See Raffel v. United States, 271 U.S. 494, 46 S.Ct. 566, 70 L.Ed. 1054; Redfield v. United States, 9 Cir., (1963) 315 F.2d 76.

The judgment is affirmed.