ON PETITION FOR REHEARING
ORFINGER, Judge.
The State urges us to recede from our opinion in this case on the basis of Jenkins v. Anderson,-U.S.-, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980), rendered shortly after the opinion sub judice was filed. The State’s argument is persuasive, but an analysis of Jenkins in the light of the facts in this case makes it inapplicable.
Jenkins clearly holds that when a criminal defendant testifies, there is no constitutional violation in the use of pre-arrest silence to impeach his testimony at trial. In that case, two weeks elapsed between the murder and the defendant’s arrest. At trial, defendant admitted the killing, but claimed self defense; on cross examination his testimony was impeached by questions which elicited the information that he had not reported the incident to the police nor claimed self defense prior to his arrest.
*1043 There are statements in Jenkins which would lead one to believe that once a defendant elects to testify, his credibility may be attacked on cross examination in the same manner as would the testimony of any witness.[1] If ascertaining the truth is a relevant function of a court of justice (as it must be), it would seem that a defendant’s silence at any time when a reasonably prudent person would speak up would be a proper subject of cross-examination once a defendant elects to testify, because it does go to the question of the credibility of his testimony and it is the type of question properly presented to a non-defendant witness. This position gains support from the approval and re-affirmance by the majority of the Jenkins court of the case of Raffel v. United States, 271 U.S. 494, 46 S.Ct. 566, 70 L.Ed. 1054 (1926), where at a second trial following a jury deadlock, the prosecutor was permitted to impeach the defendant’s testimony by showing that he did not testify at the first trial. Obviously the first trial was a post — arrest situation.
However, notwithstanding its support of Raffel, the Supreme Court reaffirms Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), with this language:
Only in Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), did we find that impeachment by silence violated the Constitution. In that case, a defendant received the warnings required by Miranda v. Arizona, 384 U.S. 436, 467-473, 86 S.Ct. 1602, 1624-1627, 16 L.Ed.2d 694 (1966), when he was arrested for selling marihuana. At that time, he made no statements to the police. During his subsequent trial, the defendant testified that he had been framed. The prosecutor impeached the defendant’s credibility on cross-examination by revealing that the defendant remained silent after his arrest. The State argued that the prosecutor’s actions were permissible, but we concluded that “the Miranda decision compels.rejection of the State’s position.” Id., 426 U.S., at 617, 96 S.Ct., at 2244. Miranda warnings inform a person that he has the right to remain silent and assure him, at least implicitly, that his subsequent decision to remain silent cannot be used against him. Accordingly, “it does not comport with due process to permit the prosecution during the trial to call attention to his silence at the time of arrest and to insist that because he did not speak about the facts of the case at that time, as he was told he need not do, an unfavorable inference might be drawn as to the truth of his trial testimony.” Id., at 619, 96 S.Ct., at 2245, quoting United States v. Hale, 422 U.S., at 182-183, 95 S.Ct., at 2139-2140 (WHITE, J., concurring in judgment). In this case, no governmental action induced petitioner to remain silent before arrest. The failure to speak occurred before the petitioner was taken into custody and given Miranda warnings. Consequently, the fundamental unfairness present in Doyle is not present in this case.
Jenkins, 100 S.Ct. at 2130.
In a case decided a week after Jenkins, the Supreme Court again affirmed Doyle, holding that while a defendant who testifies may not be impeached by post-arrest silence after receiving Miranda warnings, his testimony may be impeached by prior inconsistent statements, since in making the *1044 statement he was not exercising his constitutional right to remain silent.[2] Anderson v. Charles,-U.S.-, 100 S.Ct. 2180, 65 L.Ed.2d 222 (1980).
While the State urges us to hold that the silence here is pre-arrest, the circumstances make it impossible to so hold. Defendant was stopped, searched and arrested in less than fifteen minutes from the time the crime occurred. He was placed under arrest and read his Miranda rights immediately after the search revealed the envelope containing the money taken in the robbery, so there was hardly any opportunity to tell the police officers anything between the time the envelope was discovered and his arrest. He was in a custodial situation at all times.
For the reasons expressed here, we adhere to the original opinion herein, and the Petition for Rehearing is
DENIED.
DAUKSCH, C. J., and FRANK D. UP-CHURCH, Jr., J., concur.

. For example: “In determining whether a constitutional right has been burdened impermissi-bly, it also is appropriate to consider the legitimacy of the challenged governmental practice. See Chaffin v. Stynchcombe, supra, 412 U.S., at 32, and n. 20, 93 S.Ct., at 1985, and n. 20. Attempted impeachment on cross-examination ' of a defendant, the practice at issue here, may enhance the reliability of the criminal process. Use of such impeachment on cross-examination allows prosecutors to test the credibility of witnesses by asking them to explain prior inconsistent statements and acts. A defendant may decide not to take the witness stand because of the risk of cross-examination. But this is a choice of litigation tactics. Once a defendant decides to testify, ‘[t]he interests of the other party and regard for the function of the courts of justice to ascertain the truth become relevant, and prevail in the balance of considerations determining the scope and limits of the privilege against self-incrimination.’ Brown v. United States, 356 U.S. 148, 156, 78 S.Ct. 622, 627, 2 L.Ed.2d 589 (1958).” 100 S.Ct. at 2129.

. See also, Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971), where a defendant’s testimony was held properly impeached by a prior inconsistent statement taken in violation of his Miranda rights.