**Thomas Eckle McKEE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 3, 1986.

Discretionary Review Denied by Supreme Court Dec. 10, 1986.

See also 720 S.W.2d 343.

Randall L. Wheeler, Asst. Public Advocate, Frankfort, for appellant.

David L. Armstrong, Atty. Gen., Barbara A. Kriz, Asst. Atty. Gen., Frankfort, for appellee.

Before COMBS, DYCHE and HOWARD, JJ.

DYCHE, Judge.

Appellant, Thomas Eckle McKee, was indicted by the Union County grand jury for robbery, first degree, theft by unlawful taking over one hundred dollars, persistent felony offender, second degree, and possession of a handgun by a convicted felon. On the basis of *Hubbard v. Commonwealth*, Ky., 633 S.W.2d 67 (1982), the handgun charge was severed for purposes of trial.[1]

During the trial for the other three offenses, McKee neither took the witness stand nor offered witness in his own behalf, other than to recall a Commonwealth witness, the Morganfield police chief. He was acquitted of the persistent felony offender charge and convicted of the other two. On this date we have affirmed the robbery conviction and reversed the theft conviction with directions to dismiss that portion of the indictment (# 85–CA–3205–MR).

Although appellant presented no proof, trial counsel used his opening statement and closing argument to advance to the jury the defense of mistaken identity, claiming that it was McKee's brother who committed the robbery; and, although a lengthy police chase began immediately following the robbery and culminated with appellant's arrest in the woods not far from the abandoned, stolen car, his trial counsel claimed appellant was blameless. Appellant's brother, counsel said, had come by and switched cars with appellant, who then drove into the woods, searching for a place to be with nature and fish. The record was silent concerning the presence of fishing rods, tackle boxes or live bait in the stolen car when recovered from appellant.

At the trial for the handgun charge, the Commonwealth's evidence was the same, with the use of the pistol in the robbery triggering the enhanced handgun charge. This time, however, the same trial counsel indicated in his opening statement that it was Robert Barker who committed the robbery. Appellant testified for himself, stating first that he was just riding around aimlessly with Barker, and then admitting on cross-examination that he was along for the ride and knew a car was to be stolen.

This brings us to the appellant's first assignment of error, the cross-examination of him by the Commonwealth attorney, which McKee claims was a violation of his Fifth Amendment rights. We find no such violation and affirm the conviction.

The prosecutor questioned appellant concerning his silence at the first trial; it is contended that this violates McKee's Fifth Amendment right against compulsory self-incrimination and the concomitant right not to be penalized in any way for the exercise of the primary right. *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), is cited as authority for that position.

1. We note with curiosity that a participant in the facts of the *Hubbard* case in the Christian Circuit Court was one Robert Barker; the individual involved with appellant in the present case was also named Robert Barker, who was from Hopkinsville, in Christian county.

We hold that the grossly inconsistent defenses presented on McKee's behalf permitted, or perhaps required, the cross-examination objected to. Although the appellant himself did not offer the "brother did it" defense at the first trial, it was presented by an officer of the court who told the jury that was what happened.

The facts in this case bring it within the holding of *Raffel v. United States*, 271 U.S. 494, 46 S.Ct. 566, 70 L.Ed. 1054 (1926), which said:

> [W]e do not think the questions asked of him were irrelevant or incompetent; for, if the cross-examination had revealed that the real reason for the defendant's failure to contradict the government's testimony on the first trial was a lack of faith in the truth or probability of his own story, his answers would have a bearing on his credibility and on the truth of his own testimony in chief.

*Id.* at 497–498, 46 S.Ct. at 567–568.

McKee not only sat silent at the first trial, but encouraged and allowed a defense to be presented in his behalf which was contradictory of his testimony at the second trial. Under these conditions his "immunity" from impeachment by cross-examination does not extend to the second trial.

> The safeguards against self-incrimination are for the benefit of those who do not wish to become witnesses in their own behalf, and not for those who do. There is a sound policy in requiring the accused who offers himself as a witness to do so without reservation, as does any other witness. We can discern nothing in the policy of the law against self-incrimination which would require the extension of immunity to any trial, or to any tribunal, other than that in which the defendant preserves it by refusing to testify.

*Id.* at 499, 46 S.Ct. at 568.

Appellant also claims a violation of fundamental fairness under the due process clause of the Fourteenth Amendment, in that the cross-examination included questions about his post-arrest, pre-trial *Mi-randa* [2]-induced silence. Although the prosecutor's questions could have been more artfully phrased, an examination of the entire transcript reveals that he was asking about the appellant's silence at the first trial only, not the post-arrest pre-trial silence. No violation of "fundamental fairness" occurred.

Appellant's second assignment of error deals with the trial court's refusal to permit introduction of out of court statements allegedly made by co-indictee Robert Barker, claiming responsibility for the offenses. This, it is claimed, violated appellant's Fourteenth Amendment right to witness in his defense. This constitutional issue was not presented to the trial court and will not now be considered here. *Payne v. Commonwealth*, Ky., 623 S.W.2d 867 (1981).

The judgment of the Union Circuit Court is affirmed.

HOWARD, J., concurs.

COMBS, J., dissents by separate opinion.

COMBS, Judge, dissenting.

I respectfully dissent from the majority opinion because KRS 527.040, the statute under which the appellant was indicted, is unconstitutional as violative of § 1(7) and § 26 of the Bill of Rights to our constitution. This renders appellant's conviction void. I adopt my concurring opinion in *Baird v. Commonwealth*, Ky.App., 709 S.W.2d 458, 460 (1986).

---

**2.** *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct.     1602, 16 L.Ed.2d 694 (1966).