**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Emanuel ISAACS, Defendant-Appellant.**

**No. 86–8645.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 23, 1987.

Rehearing and Rehearing En Banc
Denied Feb. 4, 1988.

Jake Arbes, Abbott & Arbes, Atlanta, Ga., for defendant-appellant.

Janis C. Gordon, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before TJOFLAT and ANDERSON, Circuit Judges, and MOORE *, District Judge.

PER CURIAM:

The defendant, Emanuel Isaacs, was convicted in 1984 on arson and RICO charges. Isaacs, exercising his Fifth Amendment privilege against self-incrimination, did not testify at this first trial. In April of 1986, he was indicted on obstruction of justice charges, stemming from his alleged attempt to bribe a witness, Harold Hart.

---

* Honorable John H. Moore, II, U.S. District Judge for the Middle District of Florida, sitting by designation.

During his second trial on obstruction of justice charges, Isaacs took the stand and testified. His testimony would have been relevant and important evidence to refute the charges against him in the first trial. He was asked on cross-examination whether or not he had remained silent in his first trial. In her closing argument in the second trial, the prosecutor commented on Isaacs' silence during his first trial in an effort to impeach his testimony in the second trial.

This court's decision in *Tucker v. Francis*, 723 F.2d 1504 (11th Cir.1984), is controlling in this case. Tucker did not testify in the guilt phase of his bifurcated murder trial. However, he did testify in the sentencing phase. He recanted an earlier admission given to police and attempted to refute evidence introduced during the guilt phase of his trial. In his closing argument during the sentencing phase, the prosecutor commented on Tucker's silence in the guilt phase. We found no constitutional violation, relying on the Supreme Court decision in *Raffel v. United States*, 271 U.S. 494, 46 S.Ct. 566, 70 L.Ed. 1054 (1926) (defendant was retried after jury deadlocked; defendant did not testify at first trial, but did testify at second trial, refuting the same evidence adduced at the first trial; Supreme Court found no constitutional violation in prosecutor's closing argument in the second trial commenting on defendant's silence at the first trial to impeach his testimony in the second trial).

This case cannot be distinguished from *Tucker* or *Raffel*. Thus, the prosecutor's comment does not constitute a constitutional violation.

Isaacs' other challenges to his conviction are without merit and warrant no discussion.

AFFIRMED.