PARKER, Judge.
Ronald Dean Ellis appeals his convictions for trafficking in cocaine and conspiracy to traffic in cocaine. We affirm.
Only one issue merits comment. After the state had rested its case, Ellis took the witness stand. He gave his name and denied conspiring to sell cocaine and denied trafficking in cocaine. His attorney then asked to be heard outside of the jury’s presence and argued that these denials were privileged and did not open the door
for further questioning by the state. This argument was rejected by the trial court. The trial court stated that either Ellis would answer the prosecutor’s questions or his testimony would be stricken.
The jury was returned, and Ellis refused to answer the questions of the prosecutor on cross examination. The trial court instructed the jury to disregard all of the defendant’s testimony.
In Raffel v. United States, 271 U.S. 494, 46 S.Ct. 566, 70 L.Ed. 1054 (1926), a prohibition agent testified concerning an incriminating statement made by the defendant. The defendant took the stand and denied making the incriminating statement. The Supreme Court stated:
When ... [the defendant] takes the stand in his own behalf, he does so as any other witness, and within the limits of the appropriate rules he may be cross-examined as to the facts in issue.... His waiver [of the right against self-incrimination] is not partial; having once cast aside the cloak of immunity, he may not resume it at will, whenever cross-examination may be inconvenient or embarrassing.
[[Image here]]
The safeguards against self-incrimination are for the benefit of those who do not wish to become witnesses in their own behalf, and not for those who do. There is a sound policy in requiring the accused who offers himself as a witness to do so without reservation, as does any other witness.
46 S.Ct. at 568 (citations omitted).
When Ellis took the stand and denied guilt, he was subject to proper cross examination by the state. When Ellis refused to testify, the trial court had the authority to advise the jury to disregard Ellis’s testimony.
Affirmed.
SCHEB, A.C.J., and RYDER, J., concur.