**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

ANTOINE NOBEL SMITH,
　　　　　*Defendant-Appellant.*

No. 02-4916

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CR-01-180)

Submitted: October 3, 2003

Decided: October 16, 2003

Before MOTZ and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Jeanette Doran Brooks, Research and Writing Attorney, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Christine Witcover Dean, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Antoine Nobel Smith appeals his convictions after a jury trial on charges of carjacking and aiding and abetting the carjacking, violations of 18 U.S.C. §§ 2, 2119 (2000); brandishing a firearm during and in relation to the carjacking, a violation of 18 U.S.C. § 924(c) (2000); and being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g) (2000). We affirm.

First, Smith claims the district court erred in allowing the Government to impeach a defense witness with that witness's prior inconsistent posture at his own trial arising from the same incident. We conclude that there was no error in permitting the defense witness to be impeached by his prior inconsistent silence. *Cf. Jenkins v. Anderson*, 447 U.S. 231, 238 (1980); *Raffel v. United States*, 271 U.S. 494, 497 (1926). Even if the district court had erred in allowing the impeachment, we find any error would be harmless under the standard set forth in *Kotteakos v. United States*, 328 U.S. 750, 764-65 (1946).

Second, Smith contends the district court erred in not providing him in advance the exact language of the jury instructions. Smith does not object to the instructions themselves, and concedes that the district court complied with Fed. R. Crim. P. 30. Moreover, Smith does not tell us what he would have done differently had he known the exact language of the instructions beforehand. We conclude that Smith has suffered no "actual prejudice." *United States v. Horton*, 921 F.2d 540, 547 (4th Cir. 1990).

Finally, Smith challenges the sufficiency of the evidence to support his conviction. In determining whether sufficient evidence supports a conviction, the appropriate inquiry is whether, taking the evidence in the light most favorable to the government, any reasonable trier of

fact could have found the defendant guilty beyond a reasonable doubt. *See Glasser v. United States*, 315 U.S. 60, 80 (1942). This court "must consider circumstantial as well as direct evidence, and allow the Government the benefit of all reasonable inferences from the facts proven to those sought to be established." *United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982). The jury verdict must be upheld if there is substantial evidence to support the verdict. *See id.*; *see also United States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994). A defendant challenging the sufficiency of the evidence faces a heavy burden. *See United States v. Beidler*, 110 F.3d 1064, 1067 (4th Cir. 1997). "[A]n appellate court's reversal of a conviction on grounds of insufficiency of evidence should be 'confined to cases where the prosecution's failure is clear.'" *United States v. Jones*, 735 F.2d 785, 791 (4th Cir. 1984) (quoting *Burks v. United States*, 437 U.S. 1, 17 (1978)). With these standards in mind, we find the evidence adduced at trial to be sufficient to support Smith's convictions.

Accordingly, we affirm Smith's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*